IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

NATASHA JOHNSON            PLAINTIFF

VS.            CASE NO. 3:19cv084-DMB-RP

NEW SEASON f/k/a COLONIAL
MANAGEMENT GROUP, LP d/b/a METRO
TREATMENT OF MISSISSIPPI, LP a/k/a
DESOTO COUNTY TREATMENT CENTER            DEFENDANT

### VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, NATASHA JOHNSON (hereinafter "Plaintiff"), files this action against Defendant, NEW SEASON f/k/a COLONIAL MANAGEMENT GROUP, LP d/b/a METRO TREATMENT OF MISSISSIPPI, LP a/k/a DESOTO COUNTY TREATMENT CENTER (hereinafter "Defendant" or "New Season") for unpaid minimum wage and overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

### NATURE OF SUIT

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum wage on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment

must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought by Plaintiff under the FLSA to recover unpaid minimum wage and overtime compensation, liquidated damages and reasonable attorney's fees and costs from Defendant.

## JURISDICTION

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

4. The United States District Court for the Northern District of Mississippi has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. §1331 because this suit raises federal questions under the FLSA.

5. The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## VENUE

6. Venue lies properly within this Court under 28 U.S.C. §§1391(b)(1) and (c)(2), because the State of Mississippi has personal jurisdiction over Defendant and Defendant therefore "resides" in Mississippi.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Plaintiff either worked for Defendant within this district during the relevant time period subject to this Complaint and/or Defendant maintained a business operation within this district.

8. Since a substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff within this jurisdiction; venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

9. At all material times hereto, Defendant, New Season is an opioid addiction treatment facility located in Walls, (DeSoto County) Mississippi.

10. Defendant is owned and operated by New Season f/k/a Colonial Management Group, LP whose headquarters location is Orlando, (Orange County) Florida.

11. At all material times hereto, Plaintiff was, is and continues to be a resident of Southaven (DeSoto County), Mississippi.

12. Plaintiff was an employee of Defendant who worked as an assigned therapist and acting clinical supervisor at Defendant's location in Walls, (DeSoto County) Mississippi.

## COVERAGE

13. At all material times hereto (2016-2019), Plaintiff was an "employee" within the meaning of the FLSA.

14. At all material times hereto (2016-2019), Defendant was the "employer" within the meaning of the FLSA.

15. Based upon information and belief, Defendant earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto.

16. At all material times hereto (2016-2019), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

17. At all material times hereto (2016-2019), Defendant was, is, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At all material times hereto (2016-2019), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

19. At all material times hereto (2016-2019), Defendant employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies and equipment.

20. At all material times hereto (2016-2019), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that she:

   a) Operated instrumentalities of commerce;

   b) Transported goods in commerce;

   c) Used channels of commerce;

   d) Communicated across state lines; and/or

   e) Performed work essential to any of the preceding activities.

21. Defendant and its officers and agencies are responsible under the United States Constitution, federal law and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

22. At all material times hereto (2016-2019), the work performed by Plaintiff was directly essential to the operations performed by Defendant.

23. At all material times hereto (2016-2019), Defendant failed to comply with 29 U.S.C. §§201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked or those hours worked in excess of forty (40) within a work week.

24. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff, are in the possession, custody and control of Defendant.

## FACTUAL ALLEGATIONS

25. Defendant, New Season is an opioid treatment facility located at 8900 Delta Bluffs Cove in Walls, (DeSoto County) Mississippi.

26. Plaintiff, Natasha Johnson, worked as an assigned therapist and acting clinical supervisor for Defendant.

27. Plaintiff worked in this capacity from approximately September 1, 2017 through August 1, 2018.

28. Defendant required Plaintiff to clock out and continue working in an attempt to avoid paying for all hours actually worked as well as avoiding the payment of proper overtime compensation.

29. Plaintiff was paid an hourly rate of $22.00 per hour in exchange for work performed.

30. Plaintiff's job duties included holding group behavioral therapy sessions, completing deposits and reports and occasionally handling day to day issues if the program director was not available.

31. Plaintiff's job duties classify her as being a non-exempt employee.

32. Plaintiff typically worked over forty (40) hours per week.

33. Plaintiff averaged between fifty (50) and fifty-five (55) hours each week.

34. Plaintiff would average between ten (10) and fifteen (15) hours of overtime each week.

35. Defendant maintained a policy of requiring Plaintiff to clock out and continue to work on a regular basis.

36. This policy allowed Defendant to avoid the payment of at least minimum wage for some of the hours that Plaintiff worked each week.

37. Defendant also failed to pay Plaintiff proper overtime compensation at a rate of time-and-one-half her regular rate of pay for any hours worked over forty (40) in a week because of this policy.

### COUNT I - RECOVERY OF MINIMUM WAGES (FEDERAL) AGAINST DEFENDANT

38. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-37 above.

39. Plaintiff was entitled to be paid at least minimum wage for each hour worked during her employment with Defendant.

40. During her employment with Defendant, Plaintiff was not paid at least the minimum wage for some hours worked during one or more workweeks.

41. Specifically, Plaintiff was required to clock out at a specific time each day so those hours worked past that time were not paid thereby denying her at least proper minimum wage compensation for those hours.

42. Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate her for the same. As a

6

result of Defendant's actions in this regard, Plaintiff has not been paid at least the minimum wage for each hour worked during one or more weeks of her employment with Defendant.

43. Defendant willfully failed to pay Plaintiff at least minimum wage for one or more weeks of work contrary to 29 U.S.C. §206.

44. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of at least minimum wages for one or more weeks of work with Defendant and incurred reasonable attorney's fees and costs.

45. Plaintiff demands judgment against Defendant for the payment of those hours worked for which the Defendant did not properly compensate her, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION

46. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-37 above.

47. Plaintiff is entitled to be paid time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

48. Plaintiff worked over forty (40) hours per work week.

49. Plaintiff averaged between fifty (50) and fifty-five (55) hours each week.

50. Plaintiff would average between ten (10) and fifteen (15) hours of overtime each week.

51. Despite working more than forty (40) hours in any given week, Defendant failed to pay Plaintiff proper overtime compensation at a rate of time-and-one-half her

7

regular rate of pay for all hours worked over forty (40).

52. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

53. Plaintiff demands judgment against Defendant for the payment of all overtime hours at one-and-one-half times the regular rate of pay for the hours worked by her for which the Defendant did not properly compensate her, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

54. In addition, Defendant did not maintain and keep accurate time records for Plaintiff as required by the FLSA.

55. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

56. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

57. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Natasha Johnson, respectfully requests that judgment be entered in her favor against Defendant, New Season f/k/a Colonial Management Group, LP d/b/a Metro Treatment Of Mississippi, LP a/k/a Desoto County Treatment Center:

    a) Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum hour

provisions of the FLSA;

b) Awarding Plaintiff minimum wage compensation in the amount due to her for all hours worked per workweek;

c) Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

d) Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per workweek;

e) Awarding Plaintiff liquidated damages in an amount equal to both the minimum wage and overtime awards;

f) Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

g) Awarding Plaintiff pre-judgment interest;

h) Ordering any other further relief the Court deems just and proper.

DATED: April 10th, 2019.

        Respectfully submitted,
        NATASHA JOHNSON, PLAINTIFF


        */s/ Christopher W. Espy*
        CHRISTOPHER W. ESPY (MSB#: 102424)
        MORGAN & MORGAN, PLLC
        4450 Old Canton Road, Suite 200
        Jackson, Mississippi 39211
        Tel:   601-718-2087
        Fax:  601-718-2102
        Email: cespy@forthepeople.com

        ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF __Desoto__

    I, NATASHA JOHNSON, declare under penalty of perjury, pursuant to 28 U.S.C. §1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

DATE: __4/3/2019__             _____
                                                  NATASHA JOHNSON, PLAINTIFF