IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | | |
|---|---|---|
| NATASHA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:19cv084-DMB-RP |
| | ) | |
| NEW SEASON f/k/a COLONIAL MANAGEMENT GROUP, LP d/b/a METRO TREATMENT OF MISSISSIPPI, LP a/k/a DESOTO COUNTY TREATMENT CENTER | ) ) ) ) ) ) | |
| Defendant. | | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF THE CASE WITH PREJUDICE**

The Parties, through undersigned counsel, submit this Memorandum in support of their Joint Motion for Approval of Settlement and Dismissal of the Case with Prejudice.

### A. Nature of the Dispute

Plaintiff worked as a non-exempt employee of Defendant during the relevant statute of limitations. Plaintiff alleges that Defendant failed to pay her minimum wage for some hours and time and one-half for all hours worked over forty (40) in a work week. Plaintiff's unpaid wage claim includes allegations of off the clock work.

Defendant denies Plaintiff's allegations and contends that no amounts are due and owing to Plaintiff. Defendant conducted an extensive investigation and concluded that it did not owe Plaintiff for any unpaid work.

The Parties acknowledge that they have a dispute that is unlikely to be resolved without a trial of the case and that a trial is risky to both sides as well as expensive to conduct.

B. **Summary of the Settlement**

After considering the above dispute, the Parties agreed to a settlement of Plaintiff's claims. Under the settlement, Plaintiff will receive $1,141.40 in wages for alleged time spent over and above forty (40) hours in a week and an additional $1,141.40 in liquidated damages. The specifics of the settlement are detailed in the Settlement Agreement attached as **Exhibit 1** to the Joint Motion for Approval of Settlement and Dismissal of the Case with Prejudice. This settlement fully compensates Plaintiff for the time she claims she worked over and above forty (40) hours in a workweek. Additionally, the Settlement Agreements provides that Defendant will pay a total of $575.80 to Plaintiff's counsel as attorneys' fees and costs, which were negotiated and agreed upon separately from the amount Plaintiff is receiving. The Parties agree that this is a reasonable resolution of Plaintiff's claims.

C. **The Court Should Approve the Parties' Agreed Upon Resolution of this Case.**

In this case, the Court should approve the Parties' agreed-upon resolution because it was achieved in an adversarial context, experienced counsel represents the Parties on both sides, and the agreed settlement reflects a fair and reasonable compromise over disputed issues.

An FLSA claim, except in two circumstances, cannot be waived or resolved through agreement of the parties. Martin v. Indiana Michigan Power Co., 292 F.Sipp.2d 947, 959-60 (W.D. Mich. 2002). The only two ways that an FLSA claim can be resolved through agreement of the parties are (1) that the Secretary of Labor can supervise the payment of back wages or (2) that the employer and employee present the proposed settlement to the district court for approval. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982); Stalnaker v. Novar Corp., 293 F.Supp.2d 1260, 1262-63 (M.D. Ala. 2003). Here, the Parties request the Court approve the Parties' agreed-upon resolution of all claims in this case.

A district court, when reviewing a proposed agreed-upon resolution of an FLSA claim, must scrutinize it for fairness and decide whether it is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1353, 1355. In Lynn's Food Stores, the court established the following factors for a district court to examine to determine whether to approve an agreed-upon resolution of an FLSA claim:

1. Was it achieved in an adversarial context?

2. Was the Plaintiff represented by attorneys who can protect her rights?

3. Does it reflect a fair and reasonable compromise over issues that are actually in dispute?

Id. at 1353-54.

Here, the Parties agree that there is a bona fide dispute as to whether Plaintiff was properly paid for all hours worked over forty (40) hours a week, and how many hours and how many weeks are at issue. This is particularly the case when Plaintiff alleges off the clock work, which is difficult to prove and disprove. As such, the resolution was indisputably reached in an adversarial context.

Additionally, the resolution reached by the Parties involved substantial discussions by experienced counsel who protected the rights of both Parties. All counsel involved in this case have extensive experience in litigating claims under the FLSA, including claims for unpaid overtime wage compensation. Each counsel was obligated to, and did, vigorously represent their clients' rights.

The Parties submit to the Court that the terms of the resolution reflect a fair and reasonable compromise regarding *bona fide* disputes between the Parties with respect to whether damages were available to Plaintiff under the FLSA and also the amount of damages, if any, that was available to Plaintiff under the FLSA. *See* the Settlement Agreement attached as **Exhibit 1** to the Joint Motion for Approval of Settlement and Dismissal of the Case with Prejudice. The

complexity, expense, and length of future litigation also support approval of this settlement. The Parties continue to disagree over the merits of the claims Plaintiff asserted. As explained above, Plaintiff contends Defendant failed to pay her for all hours worked. Defendant maintains that Plaintiff was fully and properly compensated for all hours worked. If the Parties continued to litigate this matter, they would be forced to engage in additional discovery, possible motion practice, and ultimately a costly trial to resolve this matter, the merits of which are uncertain. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs. With the Court's approval, the Parties will be resolving all claims and disputes between them arising out of, or in any way related to, Plaintiffs' claims under the FLSA, including attorneys' fees and costs.

### IV. Conclusion

For the foregoing reasons, the Parties request that the Court enter its Order approving the Parties' agreed-upon resolution of the claims brought in this action and dismiss this action with prejudice based on the Parties' agreement.

DATED this 1st day of November, 2019.

Respectfully submitted,

| | |
|---|---|
| MORGAN & MORGAN, PLLC | JACKSON LEWIS P.C. |
| 20 North Orange Avenue, Suite 1600 | 999 Shady Grove Road, Suite 110 |
| Orlando, FL 32801 | Memphis, TN 38120 |
| Office: (407) 418-2069 | Telephone: (901) 462-2600 |
| Facsimile: (407) 245-3401 | Facsimile: (901) 462-2626 |
| | |
| By: /s/ *C. Ryan Morgan* | By: */s/ Craig A. Cowart* |
|     C. Ryan Morgan |     Craig A. Cowart (MS Bar No. 10089) |
|     *Admitted Pro Hac Vice* |     craig.cowart@jacksonlewis.com |
|     rmorgan@forthepeople.com | |
| Attorneys for Plaintiff | Attorneys for Defendant |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 1st day of November, 2019, a true and correct copy of the foregoing document was filed with the Clerk of Court via the Court's CM/ECF system which will automatically send electronic notification of such filing to the following individual(s) of record:

>C. Ryan Morgan
>MORGAN & MORGAN, PLLC
>20 North Orange Avenue, Suite 1600
>Orlando, FL 32801
>Office: (407) 418-2069
>Facsimile: (407) 245-3401
>Email: rmorgan@forthepeople.com
>*Attorneys for Plaintiff*

                                                                             /s/ *Craig A. Cowart*

4816-3807-7609, v. 1