# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**NATASHA JOHNSON**                                                                          **PLAINTIFF**

**V.**                                                                                  **NO. 3:19-CV-84-DMB-RP**

**NEW SEASON f/k/a Colonial**
**Management Group, LP d/b/a Metro**
**Treatment of Mississippi, LP a/k/a**
**DeSoto County Treatment Center**                                         **DEFENDANT**

## ORDER

Before the Court is "Defendant's Motion to Reopen the Case and Enforce Settlement," Doc. #11; and the "Joint Motion for Approval of Settlement and Dismissal of the Case with Prejudice," Doc. #19.

## I
## Procedural History

On April 10, 2019, Natasha Johnson filed a complaint in the United States District Court for the Northern District of Mississippi against New Season f/k/a Colonial Management Group, LP d/b/a Metro Treatment of Mississippi, LP a/k/a DeSoto County Treatment Center. Doc. #1. The complaint seeks recovery of unpaid minimum wage compensation, overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act. *Id.* at 8–9. On May 6, 2019, New Season answered the complaint, denying the allegations. Doc. #4.

On June 7, 2019, New Season filed a "Notice of Settlement" stating that the parties had resolved this case. Doc. #9. Accordingly, on July 18, 2019, the Court closed this case. Doc. #10.

On September 13, 2019, New Season moved to reopen the case "and to enforce the settlement agreement between the parties" due to Johnson's "refusal to execute the full and complete release and waiver of claims despite the settlement agreement reached between the

parties ...." Doc. #11 at 1. Johnson was granted a requested extension until October 11, 2019, to respond to the motion to reopen and enforce. Docs. #15, #17.

On October 11, 2019, Johnson filed a "Joint Notice of Settlement" stating that the parties resolved the dispute which is the subject of the motion to reopen and enforce and that they anticipate filing a joint motion to approve their settlement. Doc. #18. On November 1, 2019, a "Joint Motion for Approval of Settlement and Dismissal of the Case with Prejudice" was filed, with the parties' settlement agreement attached as an exhibit. Docs. #19, #19-1.

## II
## Analysis

"The general rule establishes that FLSA claims ... cannot be waived. Accordingly, many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164–65 (5th Cir. 2015) (internal citations omitted) (collecting cases). Such courts, relying on reasoning set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), require that "the compromise reached [be] a fair and reasonable resolution of a bona fide dispute over FLSA provisions rather than a mere waiver of statutory rights brought about by an employer's overreaching." *See, e.g., Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 522–23 (E.D. Pa. 2016) (collecting cases) (internal quotation marks omitted). However, in *Martin v. Spring Break '83 Products, LLC*, 688 F.3d 247 (5th Cir. 2012), the Fifth Circuit "excepted ... from this general rule ... unsupervised settlements that are reached due to a bona fide FLSA dispute over hours worked or compensation owed." *Bodle*, 788 F.3d at 165.

"The primary difference between the *Lynn's Food* and *Martin* standards is the timing of the judicial scrutiny." *Kraus*, 155 F.Supp.3d at 528. While *Martin* allows a court to enforce a settlement after it has been executed, *Lynn's Food* holds "that ex ante judicial scrutiny of a private

2

FLSA settlement is required." *Id*. at 528–29. Accordingly, where, as here, parties in the Fifth Circuit seek *approval* of a settlement, the *Lynn's Food* standard governs. *See Heffernan Bryant v. United Furniture Indus., Inc.*, No. 1:13-cv-246, 2017 WL 639320, at *2 (N.D. Miss. Feb. 16, 2017) (applying *Lynn's Food* to joint motion for settlement); *Alainz v. Maxum Petro. Operating Co., Inc.*, No. 15-cv-373, 2016 WL 6462206, at *1 (W.D. Tex. Oct. 31, 2016) (same). In such a situation, the "court must determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Heffernan Bryant*, 2017 WL 639320, at *2 (internal quotation marks omitted).

**A. Bona Fide Dispute**

Under the bona fide dispute inquiry:

> the Court must ensure that the parties are not, via settlement of the plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime. 29 U.S.C. §§ 206, 207. If no question exists that the plaintiffs are entitled under the statute to the compensation they seek (and therefore to liquidated damages, as well), then any settlement of such claims would allow the employer to negotiate around the statute's mandatory requirements. Without a bona fide dispute, no settlement could be fair and reasonable. Thus some doubt must exist that the plaintiffs would succeed on the merits through litigation of their claims.

*Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719–20 (E.D. La. 2008). Notably, the "mere existence of an adversarial lawsuit" and "[t]he presence of attorneys representing FLSA ... plaintiffs" is insufficient, standing alone, to meet the bona fide dispute requirement. *Id*. at 720.

In support of the motion, the parties assert that there are "*bona fide* disputes between the Parties with respect to whether damages were available to Plaintiff under the FLSA and also the amount of damages, if any, that was available to Plaintiff under the FLSA." Doc. #20 at 3. The parties also represent that:

> the Parties agree that there is a bona fide dispute as to whether Plaintiff was properly paid for all hours worked over forty (40) hours a week, and how many hours and

3

> how many weeks are at issue. This is particularly the case when Plaintiff alleges off the clock work, which is difficult to prove and disprove. As such, the resolution was indisputably reached in an adversarial context.

*Id.* Based upon these representations, the Court concludes that this action involves a bona fide dispute over the FLSA's provisions.

### B. Fairness and Reasonableness

In FLSA collective actions, courts in this circuit have generally utilized the fairness factors applied to class actions brought under Rule 23 of the Federal Rules of Civil Procedure. *See Heffernan Bryant*, 2017 WL 639320, at *3 (collecting cases). These factors are "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members." *Id*. (quoting *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)).

This Court has not found a case in the Fifth Circuit addressing the proper evaluation standard where, as here, the dispute involves only a single plaintiff. Courts in other circuits have applied varying approaches. Some courts have applied the class action factors even when a proposed settlement involves only a single plaintiff. *See Duprey v. Scotts Co. LLC.*, 30 F. Supp. 3d 404, 409–10 (D. Md. 2014) (applying class action factors where settlement agreement involved only single plaintiff); *Wheeler v. Coastal Delivery, Inc.*, No. 6:15-cv-1017, 2015 WL 7007967, at *1–2 (M.D. Fla. Oct. 20, 2015) (same). Other courts have undertaken far simpler inquiries asking only whether the settlement is reasonable in light of the value of the plaintiff's claims. *See Marfak v. Peretta*, No. 10-cv-7785, 2011 WL 1758625, at *2 (S.D.N.Y. May 6, 2011) ("Given that there is documentary evidence that the plaintiff drove the company bus interstate and he may therefore

be an exempt employee under federal overtime laws, the settlement amount to which the parties have agreed is reasonable and fair."); *Morales v. PepsiCo, Inc.*, No. 11-6275, 2012 WL 870752, at *1 (D.N.J. Mar. 14, 2012) ("[T]he Court finds that the settlement reflects good faith negotiations between the parties as to the reasonable valuation of Plaintiff's underlying claims."). Out of an abundance of caution, the Court will apply both standards.

As the parties have jointly agreed to "fully compensate[] Plaintiff for the time she claims she worked over and above forty (40) hours in a workweek," along with liquidated damages and her attorneys' fees and costs, in order to "minimize future risks and litigation costs," the Court concludes that the settlement appears reasonable. Doc. #20 at 2, 4. In applying the Rule 23 factors, the Court finds the settlement is appropriate because (1) there is no evidence of fraud or collusion; (2) the proposed settlement matches the modest complexity of this FLSA action; (3) it is a relatively late stage of the proceedings (the case has been closed) and the parties have conducted their own informal discovery;[1] (4) the probability of Johnson's success is difficult to ascertain; (5) the settlement seems to fall within the range of possible recovery; and (6) to the extent the parties have filed a joint motion, it appears all relevant parties have approved the settlement. Accordingly, because this Court concludes that the proposed settlement is fair and reasonable under the Rule 23 factors and the simpler reasonableness inquiry, it need not decide the proper standard for evaluating the settlement here.

### III
### Conclusion

The proposed settlement represents a fair and reasonable resolution of the underlying dispute. Accordingly, the joint motion for approval and dismissal [19] is **GRANTED** and the

---

[1] The parties state that they "have exchanged information informally, including but not limited to, pay and time records, and calculations of alleged work off the clock. The Parties have engaged in substantial discussions and written exchanges in order to fully understand the arguments of each side and to work toward a resolution." Doc. #19 at 2.

motion to reopen and enforce [11] is **DENIED as moot**. The proposed settlement is **APPROVED** and this action is **DISMISSED with prejudice**.

    **SO ORDERED**, this 22nd day of November, 2019.

                                                      **/s/ Debra M. Brown**
                                                      **UNITED STATES DISTRICT JUDGE**